# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

01 JAN 24 AM 9:08 FILED Rb CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS EAST ST. LOUIS OFFICE

DONALD D. REINOEHL, individually,

Plaintiff,

v

A C AND S , INC , a corporation: A P. GREEN INDUSTRIES, a corporation, C E THURSTON AND SONS, INC , a corporation: COMBUSTION ENGINEERING, INC , a corporation, CSR, LTD , a corporation, DANA CORP , a corporation, DRESSER INDUSTRIES, a corporation, ELI LILLY AND CO , EMPIRE ACE INSULATION MFG CORP , a corporation, ERICSSON, INC , as successor to ANACONDA STEEL & WIRE CO , a corporation, FERODO AMERICA, INC , a corporation, FOSTER WHEELER CORPORATION, as Parent Corporation to FOSTER WHEELER ENERGY CORPORATION, a corporation, FOSTER-WHEELER ENERGY CORP., a corporation, THE FLINTKOTE COMPANY, a corporation, GAF CORPORATION, a corporation, GARLOCK, INC , a corporation, GENERAL ELECTRIC COMPANY, a corporation: GENERAL REFRACTORIES COMPANY, a corporation, GEORGIA-PACIFIC CORPORATION, a corporation, HARBISON WALKER REFRACTORIES, a corporation; I.U NORTH AMERICA, INC , a corporation: INDUSTRIAL HOLDINGS CO., a corporation, (fka CARBORUNDUM CO ), MARATHON OIL CO , MAREMONT CORP., a corporation, METROPOLITAN LIFE INSURANCE COMPANY, a corporation, NATIONAL SERVICES INDUSTRIES, INC , a corporation: NORTH AMERICAN REFRACTORIES COMPANY, a corporation, NOSROC CORP., a corporation, OWENS-ILLINOIS CORP , a corporation, PFIZER, INC., a corporation, QUIGLEY CO , INC., a corporation, RAPID AMERICAN CORP , a corporation, RHONE-POULENC AG , CO , a corporation; SHOOK & FLETCHER INSULATION CO , a corporation,T&N, LTD f/k/a T & N PLC, a corporation, TEXACO, INC , UNION CARBIDE CHEMICALS AND PLASTICS CO., INC , a corporation: UNITED STATES MINERAL PRODUCTS CO., a corporation, W R GRACE CO , a corporation, and VIACOM, INC a successor to WESTINGHOUSE ELECTRIC CORP , a corporation

Defendants.

CASE NO 01-4029-GPM

In Re Asbestos Litigation

**COMPLAINT**

**COMPLAINT**

Now comes the plaintiff, Donald D. Reinoehl (hereinafter "Plaintiff"), by and through his attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., and complains of defendants, as follows:

## JURISDICTION

1 Plaintiff, Donald D. Reinoehl, is an adult citizen of Illinois. Plaintiff's address is 601 W Franklin, Palestine, Illinois 62451. [redacted]. Plaintiff allegedly worked

with asbestos at various job sites in the state of Illinois during his career as a Laborer.

2. The defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products"). Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Plaintiff during the course of his employment at various job sites, including those listed on the attached Exhibit B, was allegedly exposed to asbestos dust or fibers emanating from the asbestos products which were sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by all defendants.

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

8. Plaintiff became aware of the asbestos-related condition and said condition was caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of defendants, Plaintiff developed and has been diagnosed as having Asbestosis. See medical report at Exhibit C, attached hereto and incorporated herein by this reference.

10. Plaintiff suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

11. Plaintiff brings this count for negligence against all defendants, less METROPOLITAN LIFE INSURANCE COMPANY, and incorporates by reference all general allegations.

12. It was reasonably foreseeable by defendants that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products.

13. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were allegedly exposed to the defendants' asbestos products.

14. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that exposure to their asbestos products caused disease and/or death and that Plaintiff did not know that asbestos products were dangerous or harmful.

15. Notwithstanding the aforementioned duty, defendants, and each of them, were negligent by one or more of the following acts or omissions:

a)Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

b) Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

c)Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

d) Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

e)Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16. As a direct and proximate result of the acts and omissions of the defendants above, plaintiff was injured as described above.

**COUNT 2 – CONSPIRACY**

17. This claim is brought against all defendants herein for civil conspiracy and plaintiff incorporates the general allegations above.

18. The civil conspiracy defendants and other unnamed coconspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

a) Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

b) Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

19. The conspirators in communications between each other and through participation in trade organizations and committees of such trade organizations ratified and adopted the unlawful purposes and conduct of the conspiracy.

20. One or more of the conspirators performed the following tortious acts in furtherance of the conspiracy:

a) Manufactured, sold, packaged or installed unreasonably dangerous asbestos products to which the Plaintiff was exposed,

b) Failed to warn about health hazards of asbestos, failed to investigate health hazards of asbestos or failed to instruct about precautionary measures required for protection;

21. The agreement of the conspirators and acts done in furtherance of the agreement were the proximate causes of the injuries set forth above.

**COUNT 3 - PREMISES LIABILITY**

22. Plaintiff brings this claim against the following premise defendants: Eli Lilly and Co., Marathon Oil Company, and Texaco, Inc.

23. During times at issue, Plaintiff was lawfully on the premises of the premise defendant.

24. As owner, premise defendant owed a duty to care to Plaintiff as an entrant.

25. Before Plaintiff worked at the premises, premise defendant knew or should have known about the

health hazards of asbestos and that persons such as plaintiff would be exposed to airborne asbestos fibers as a consequence of their work at the premises.

26. As the owner and manager of a place of employment, premise defendant owed a duty to Plaintiff to use ordinary care to provide a reasonably safe workplace and furnish safeguards or processes to render employment safe.

27. Premise defendant breached its duty of care and was negligent by one or more of the following acts or omissions:

a)Failure to adequately warn Plaintiff of the health hazards of asbestos;

b) Failure to warn plaintiff of the health hazards of installed asbestos products at the premises;

c)Failure to investigate or test the air or environment of the premises for asbestos;

d) Failure to take measures to control the release of asbestos fibers; and

e)Failure to direct and control work done on the premises by its employees and independent contractors to maintain a safe environment.

28. As a direct and proximate result of premise defendant's negligence, Plaintiff was exposed to asbestos fibers which caused the injuries described.

**COUNT 4 - NEGLIGENT HIRING**

29. Plaintiff repeats and re-alleges the count for premise liability.

30. Each premise defendant failed to use reasonable care in selecting and hiring contractors and independent contractors.

31. Plaintiff's injury arose from conduct involved in performing the work under the contract.

32. The premise defendant knew or should have known when it hired each contractor that the contractor was unfit to take due safety precautions and that they did not have the competence and knowledge to undertake the work in a safe manner.

33. The premise defendant knew or should have known that the contractors and independent contractors

could injure others, specifically Plaintiff.

34. The working conditions relative to the pervasive presence of airborne asbestos particles was the proximate cause of Plaintiff's injury.

35. The use of inherently dangerous asbestos products by the independent contractors required special precautions, of which premise defendant knew or should have known, and which were not met.

36. The negligent hiring of the contractors and subcontractors was a direct and proximate cause of plaintiff's injury.

## PUNITIVE DAMAGES

37. Defendants acted maliciously, with willful and wanton disregard for the rights of Plaintiff for which plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a) Judgement against defendants, jointly and severally, for compensatory and general damages.

b) Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

**Dated** this 28th day of December, 2000.

One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
403 West North Avenue
Chicago, Illinois 60610-1117
312-944-0600
312-944-1870 fax

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| | | |
|---|---|---|
| A.C. and S., Inc. | Delaware | Pennsylvania |
| Airco, Inc./ The BOC Group | Delaware | New Jersey |
| A.P. Green Industries | Delaware | Missouri |
| C.E. Thurston and Sons | Delaware | Virginia |
| Coltec Industries Corp. | Pennsylvania | Virginia |
| Combustion Engineering, Inc. | Delaware | Massachusetts |
| C S R, Ltd. | Australia | Australia |
| Dana Corp. | Virginia | Ohio |
| Dresser Industries, Inc. | Delaware | Texas |
| Ericsson, Inc., as successor to Anaconda Wire & Cable Company | North Dakota | Wisconsin |
| Eli Lilly and Company | Indiana | Indiana |
| Empire Ace Insulation Mfg. Corp. | New York | New York |
| Ferodo America, Inc. | Delaware | Tennessee |
| Foster Wheeler Corporation, as Parent Corporation to Foster Wheeler Energy Corporation | New York | New Jersey |
| Foster Wheeler Energy Corp. | Delaware | New Jersey |
| The Flintkote Company | Delaware | California |
| GAF Corporation | Delaware | New Jersey |
| Garlock, Inc. | Ohio | Ohio |
| General Electric Company | New York | Connecticut |
| General Refractories Company | Pennsylvania | Pennsylvania |
| Georgia-Pacific Corporation | Georgia | Georgia |
| Harbison Walker Refractories | Delaware | Pennsylvania |
| Industrial Holdings Co. | New York | New York |
| I.U. North America, Inc. | Delaware | Pennsylvania |
| Lincoln Electric Merger Co. | Ohio | Ohio |
| Marathon Oil Company | Ohio | Texas |
| Maremont Corp. | Delaware | Indiana |
| Metropolitan Life Insurance Company | New York | New York |
| National Services Industries, Inc. | Delaware | Indiana |
| North American Refractories Company | Ohio | Ohio |
| Nosroc Corp. | Pennsylvania | Pennsylvania |
| Owens-Illinois Corporation | Delaware | Ohio |

| | | |
|---|---|---|
| Pfizer, Inc. | Delaware | New York |
| Quigley Co., Inc. | New York | New York |
| Rapid American Corp. | Delaware | Pennsylvania |
| Rhone Poulence Ag. Co., f.k.a. Amchem Products, Inc. | New York | New Jersey |
| Shook & Fletcher | Delaware | Alabama |
| T&N LTD, f/k/a T&N plc | Delaware | Britain |
| Texaco, Inc. | Delaware | New York |
| Union Carbide Chemicals and Plastics Co., Inc. | New York | New Jersey |
| United States Mineral Products Company | New Jersey | New Jersey |
| W.R. Grace Company | Connecticut | Florida |
| Viacom, Inc. a successor to Westinghouse Electric Corp. | Delaware | New York |

Exhibit B

Last: Reinoehl

[redacted]

| [redacted] | Last | First | FirstYrId | LastYrId | SiteLocation | SiteCity | SiteSt |
|---|---|---|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 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 | Reinoehl | Donald | 1996 | 1999 | Newton Power Station | Newton | IL |
| 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 | Reinoehl | Donald | 1974 | 1996 | Marathon Refinery | Robinson | IL |
| 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 | Reinoehl | Donald | 1988 | 1990 | Hutsonville Power Station | Hutsonville | IL |
| 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 | Reinoehl | Donald | 1988 | 1993 | Indian Refinery | Lawrenceville | IL |
| 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 | Reinoehl | Donald | 1992 | 1994 | Joppa Steam Power Station | Joppa | IL |
| 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 | Reinoehl | Donald | 1995 | 1996 | Eli Lilly | Clinton | IN |

# ILO 1980 X-RAY CLASSIFICATION REPORT

200 LAKEWOOD BLVD
MADISON WI 53704

HENRY A. ANDERSON, M.D.
OCCUPATIONAL AND ENVIRONMENTAL MEDICINE

608-241-1227

PATIENT S NAME (LAST FIRST, MIDDLE INITIAL): Reinoehl, Donald

D O B: 8/2/1935

DATE OF READING: MONTH 09 DAY 30 YEAR 00

PATIENT S ADDRESS (NUMBER AND STREET) (CITY OR TOWN) (STATE) (ZIP CODE)

TYPE OF READING: A [X] B P

**1A. DATE OF X-RAY** MONTH / DAY / YEAR 9/6/2000

**1B. FILM QUALITY** [X] 1 2 3 U/R — If Not Grade 1 Give Reason

**1C. IS FILM COMPLETELY NEGATIVE?** YES [ ] NO [X] Proceed to Section 2

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?** YES [X] COMPLETE 2B and 2C NO [ ] Proceed to Section 3

**2B. SMALL OPACITIES**

a SHAPE/SIZE — PRIMARY: p [s] / q t / r u ; SECONDARY: p s / q [t] / r u

b ZONES — R L (marked: middle and lower zones)

c PROFUSION
0/- 0/0 0/1
[1/0] 1/1 1/2
2/1 2/2 2/3
3/2 3/3 3/+

**2C. LARGE OPACITIES**

SIZE [O] A B C

Proceed to Section 3

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?** YES [ ] COMPLETE 3B, 3C and 3D NO [X] Proceed to Section 4

**3B. PLEURAL THICKENING**

a DIAPHRAGM (plaque) SITE O R L

b COSTOPHRENIC ANGLE SITE O R L

**3C. PLEURAL THICKENING . . . Chest Wall**

a CIRCUMSCRIBED (plaque): SITE O R | O L; IN PROFILE i WIDTH O A B C | O A B C; ii EXTENT 0 1 2 3 | 0 1 2 3; FACE ON iii EXTENT 0 1 2 3 | 0 1 2 3

b DIFFUSE: SITE O R | O L; IN PROFILE i WIDTH O A B C | O A B C; ii EXTENT 0 1 2 3 | 0 1 2 3; FACE ON iii EXTENT 0 1 2 3 | 0 1 2 3

**3D. PLEURAL CALCIFICATION**

SITE O R EXTENT — a DIAPHRAGM 0 1 2 3; b WALL 0 1 2 3; c OTHER SITES 0 1 2 3

SITE O L EXTENT — a DIAPHRAGM 0 1 2 3; b WALL 0 1 2 3; c OTHER SITES 0 1 2 3

Proceed to Section 4

**4A. ANY OTHER ABNORMALITIES?** YES [ ] COMPLETE 4B and 4C NO [X]

**4B. OTHER SYMBOLS (OBLIGATORY)**

| O | ax | bu | ca | cn | co | cp | cv | di | ef | em | es | fr | hi | ho | id | ih | kl | pi | px | rp | tb |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Report item which may be of present clinical significance in this section OD (SPECIFY od )

Date Personal Physician notified? MONTH DAY YEAR

**4C. OTHER COMMENTS**

PLAINTIFF'S EXHIBIT C

[SHOULD WOR]KER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C. YES [ ] NO [ ]

DONALD D. REINOEHL, individually v. A. C. AND S., INC., et al.

**Distribution List:**

A C AND S INC
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60603-1135

AIRCO, INC./THE BOC GROUP
C/O CT CORPORATION SYSTEMS
208 S. LASALLE STREET
SUITE 814
CHICAGO IL 60604-1135

A.P. GREEN INDUSTRIES
CVCSC, INC.
C/O DARCY ROPER
P.O. BOX 950
525 BROOK STREET
ROCKY HILL, CT 06067

C.E. THURSTON AND SONS, INC.
C/O H. VAUGHAN PRIVETT
485 BROOKSIDE COURT
NORFOLK VA 23502-2502

COLTEC INDUSTRIES CORP.
C/O CT CORPORATION SYSTEMS
ONE N CAPITAL AVE
INDIANAPOLIS IN 46204

COMBUSTION ENGINEERING, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON, DE 19801

C S R LTD
MICHAEL P. CASEY, ESQ.
LEWIS RICE & FINGERSH
500 NORTH BROADWAY
SUITE 2000
ST. LOUIS MO 63102

DANA CORP.
C/O CT CORPORATION SYSTEM
208 S. LASALLE STREET
SUITE 814
CHICAGO IL 60604-1135

DRESSER INDUSTRIES
C/O ILLINOIS SERVICE COMPANY
700 S. 2ND STREET
SPRINGFIELD IL 62704

ELI LILLY AND CO.
GENERAL COUNSEL
LILLY CORPORATE CENTER
DROP CODE 1119
INDIANAPOLIS IN 46285

EMPIRE ACE INSULATION MFG. CORP.
C/O SECRETARY OF STATE - NY
41 STATE STREET
ALBANY, NY

ERICSSON, INC., AS SUCCESSOR TO ANACONDA STEEL & WIRE COMPANY
C/O CT CORPORATION SYSTEMS
314 EAST THAYER AVE
BISMARK, ND 58502-0400

FERODO AMERICA, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

FOSTER-WHEELER CORPORATION, AS PARENT CORPORATION TO
FOSTER WHEELER ENERGY CORP.
C/O PRENTICE HALL CORP. SYSTEMS
4845 JIMMY CARTER BLVD.
NORCROSS GA 30093

FOSTER-WHEELER ENERGY CORP.
C/O U.S. CORPORATION COMPANY
1013 CENTRE ROAD
WILMINGTON DE 1980

THE FLINTKOTE COMPANY
C/O CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

GAF CORPORATION
C/O PRENTICE HALL CORPORATION SYS
1013 CENTER RD
WILMINGTON DE 19805-1265

GARLOCK INC
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

GENERAL ELECTRIC COMPANY
C/O C T CORPORATION SYSTEM
1209 N. ORANGE STREET
WILMINGTON DE 19801

GENERAL REFRACTORIES CO
C/O C T CORPORATION SYSTEM
1 N CAPITOL AVE STE 1000
INDIANAPOLIS IN 46204-2279

GEORGIA-PACIFIC CORPORATION
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

HARBISON WALKER REFRACTORIES
CVCSC, INC.
C/O CHRISTINE ASTIN
P.O. BOX 950
525 BROOK STREET
ROCKY HILL, CT 06067

INDUSTRIAL HOLDINGS CO.
C/O THE PRENTICE HALL CORP.
80 STATE STREET
ALBANY NY 12207

I.U. NORTH AMERICA, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

LINCOLN ELECTRIC MERGER CO.
C/O LEGAL COUNSEL
22801 ST. CLAIRE AVE.
CLEVELAND OH 44117

MARATHON OIL COMPANY
5555 SAN FILIPE
HOUSTON TX 77056

MAREMONT CORP.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

METROPOLITAN LIFE INSURANCE CO
1 MADISON AVE
NEW YORK NY 10010-3690

NORTH AMERICAN REFRACTORIES CO
JOSEPH R. SCHAPER
HEINTZMAN, WARREN, WISE & FORNELLA, P.C.
THE 35TH FLOOR, GULF TOWER
707 GRANT STREET
PITTSBURGH, PA 15219-1913

NATIONAL SERVICE INDUSTRIES, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

NOSROC, INC.
C/O CT CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

OWENS-ILLINOIS CORP.
C/O CT CORPORATION SYSTEMS
520 SW YAMHILL
SUITE 800
PORTLAND OR 97204

PFIZER, INC.
C/O CT CORPORATION SYSTEMS
1633 BROADWAY
NEW YORK NY 10019

QUIGLEY CO., INC.
C/O CT CORPORATION SYS
208 S. LASALLE STREET
CHICAGO IL 60604

RAPID-AMERICAN CORPORATION
C/O PRENTICE HALL CORPORATION SYS
380 S 5TH ST
COLUMBUS OH 43215

RHONE POULENC AG., CO.
C/O CT CORPORATION SYSTEMS
1635 MARKET STREET
PHILADELPHIA PA 19103

SHOOK & FLETCHER INSULATION CO.
C/O LEGAL COUNSEL
4625 VALLEYDALE ROAD
BIRMINGHAM, AL 35242

T&N PLC AS SUCCESSOR TO TURNER & NEWALL PLC AND TURNER & NEWALL, LTD
MANCHESTER INTERNATIONAL OFFICE CENTRE
STYAL ROAD
SUITE #15
MANCHESTER ENGLAND M225TN

TEXACO, INC.
GENERAL COUNSEL
2000 WESTCHESTER AVE.
WHITE PLAINS NY 10650

UNION CARBIDE CHEMICALS AND PLASTICS CO., INC.

C/O THE CORPORATION TRUST CO.
1209 N. ORANGE STREET
WILMINGTON DE 19801

UNITED STATES MINERAL PRODUCTS CO
C/O LEGAL DEPARTMENT
41 FURNACE STREET
STANHOPE, NJ 07874

W R GRACE COMPANY
C/O PRENTICE HALL CORPORATION SYS
25 W MAIN ST
MADISON WI 53703

VIACOM, INC. a successor to WESTINGHOUSE ELECTRIC CORPORATION
1515 BROADWAY
NEW YORK, NY 10036